BENJAMIN DeBELLO AND ALICE DeBELLO, HIS WIFE, PLAINTIFFS-APPELLANTS, v. PETER DeBELL, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 4, 1978—Decided November 1, 1978.

Before Judges ALLCORN and SEIDMAN.

*Mr. Domenic D. Toto* argued the cause for the appellant (*Messrs. Goldstein, Toto & Samson,* attorneys).

*Mr. Richard E. Brennan* argued the cause for the respondent (*Messrs. Shanley & Fisher,* attorneys).

PER CURIAM. ▇ During the course of the deliberations of the jury in this medical malpractice case, the jury attempted to communicate with the judge to request that a transcript of the trial testimony of plaintiffs' medical expert be read. Because the occurrence took place during the regular luncheon recess, the judge was not then immediately available, and the message was brought to his attention upon his return. In the interim, however, the jury had continued

its deliberations and had arrived at a verdict. This, too, was brought to the attention of the judge. When the court reconvened following the luncheon recess, the trial judge received the verdict from the jury — after first having advised counsel that he planned not to respond to the jury's request, it already having reached a verdict. No objection or exception to such course was made or taken by counsel for either side. Nor did counsel propose that any other specific procedure be adopted. Plaintiffs appeal an adverse jury verdict on the grounds that the judge's failure to respond to the jury request (a) "had the capacity to influence the result, and thereby constituted error," and (b) "effectively denied plaintiff his due process right to ask for supplemental instructions."

Whatever else may be said in this matter, counsel for plaintiffs had ample opportunity to object or to except to the manner in which the judge proposed to proceed, the judge having so informed counsel in open court prior to the time the jury returned to the courtroom for the purpose of delivering its verdict. Similarly, although there was sufficient opportunity, counsel failed to request of the judge some other course of action whereby these alleged rights of plaintiffs could or should be protected. In such circumstances, and even upon the dubious assumption that the trial court committed error, plaintiffs must be held to have concurred in or to have waived the asserted error. *State v. Garrigan*, 126 *N. J. Super.* 442, 447 (App. Div. 1973), aff'd 64 *N. J.* 287 (1974).

Moreover, the rule is that where it is impossible to immediately respond to a jury's request during deliberations that certain testimony be read to it and the jury continues its deliberations and, before the testimony is read, reaches a verdict, there is no error in receiving the verdict and failing to read the testimony. In sum, where as here, the jury returns its verdict without waiting for or pressing its request for a reading of the testimony, it is evident that the jury no longer needed or desired to have its recollection refreshed by a reading of the testimony in order to reach its verdict.

*People v. Gonzales,* 68 *Cal.* 2d 467, 67 *Cal. Rptr.* 551, 439 *P.* 2d 655 (Sup. Ct. 1968), *cert.* den. 393 *U. S.* 1055, 89 *S. Ct.* 693, 21 *L. Ed.* 2d 696 (1969) ; *Garden v. State,* 73 *Nev.* 312, 318 *P.* 2d 652 (Sup. Ct. 1957) ; *Auld v. Cathro,* 20 *N. D.* 461, 128 *N. W.* 1025 (Sup. Ct. 1910) ; *Engram v. State,* 545 *P.* 2d 1285 (Okl. Cr. App. 1976) ; Annotation, "Right to have reporter's notes read to jury," 50 *A. L. R.* 2d 176 (1956). We discern no improper use of discretion or other error by the trial judge.

Affirmed.